IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EDGAR LEE GUINTHER,
ADC # 100017                                                                                              PETITIONER

v.                                           4:22-cv-00052-JM-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.     BACKGROUND**

Petitioner Edgar Guinther, an inmate at the Maximum Security Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus[1] and Brief

---

[1] Mr. Guinther argues against the Court's conversion of his originally labeled § 2241 Petition to the current § 2254 Petition. (Doc. No. 9 at 22). However, because Mr. Guinther is a "person in custody pursuant to the judgment of a State court," § 2254 is the *only* vehicle for habeas relief. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001).

in Support *pro se*. (Doc. Nos. 1, 9). He challenges a prison disciplinary he received, claiming: (1) violation of his due process rights during the disciplinary hearing process; (2) actual innocence; (3) a chilling effect on his Fourth Amendment right to personal privacy and bodily integrity; and (4) violation of his sincerely held religious beliefs regarding modesty pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA). (Doc. No. 9 at 6-20). Respondent counters that none of Mr. Guinther's claims are cognizable in habeas; and, alternatively, claims one, three, and four are procedurally defaulted and all four are meritless. (Doc. No. 10 at 4). After careful consideration of the Petition (Doc. No. 1), Brief in Support (Doc. No. 9), and Response (Doc. No. 10), I find the Petition must be dismissed with prejudice.

## II. FACTS

The disciplinary at issue was filed by Lieutenant Dora Blunt. In the Notice of Charges (Doc. No. 9 at 28) and in the corresponding Incident Report (Doc. No. 10-2 at 2), Lt. Blunt stated:

> On November 24, 2020 at approximately 12:43 P.M[.] I Lt. Dora Blunt was conducting a barracks inspection in 1-4 barracks (zone 1). While in 4 barracks I, Lt. Blunt approached cell #39 which houses Inmate Edgar Guinther # 100017 and notice[d] a sheet hanging up covering the cell bar door. I, Lt. Blunt then gave Inmate Guinther a direct order to remove the sheet. Inmate Guinther then stated in a loud rude and very disrespectful tone "you need to get away from my door." I then gave Inmate Guinther another direct to stop being disrespectful and shouting at me an[d] remove the sheet off the bar door. Inmate Guinther then stated in a loud rude and disrespectful tone "I know what you won't all you won't is to see some dick let me show you." I then advised Inmate Guinther that he will not speak to me like that again. Inmate Guinther continued shouting out of his bar door as I walked away.

(Doc. Nos. 9 at 28, 10-2 at 2).

Lt. Blunt charged Mr. Guinther with five rule violations: (1) failure to keep person or quarters in accordance with regulation; (2) creating unnecessary noise; (3) making sexual proposals to another person; (4) insolence to a staff member; and (5) failure to obey order of staff. (Doc. No. 10-2 at 3-4).

Mr. Guinther received the Notice of Charges on November 30, 2020. (Doc. No. 9 at 28). The disciplinary hearing was held on December 3, 2020. (Doc. 10-2 at 3). Mr. Guinther made the following statement:

> I was in my room taking a bath. You could see my face and feet. This has never been a problem. I had the sheet up so the women did not have to see my naked. She wanted to see if I was exposed. She was mad about a grievance. I clean the prison. I never told her to get away from my door.

(*Id.*; Doc. No. 9 at 40).

After the hearing, the hearing officer found Mr. Guinther guilty of each charge. (Doc. No. 9 at 40). Mr. Guinther was given sixty days' commissary, phone, and visitation restrictions, thirty days' punitive isolation, and his good-time class was reduced to IV. (*Id.*, Doc. No. 10-2 at 3-4). Mr. Guinther administratively appealed to the warden and the disciplinary hearing administrator. (Doc. No. 10-2 at 4). Both upheld the hearing officer's determination. *Id.* He then appealed to the Director, who modified the violations, upholding Mr. Guinther's guilty verdict to only three violations: (1) failure to keep one's person or quarters in accordance with regulations; (2) insolence to a staff member; and (3) failure to obey verbal or written orders of staff.

### III. ANALYSIS

Mr. Guinther claims his Fourteenth Amendment due process rights were violated, actual innocence, a Fourth Amendment violation, and violation of RLUIPA. (Doc. Nos. 1 at 6-8, 9 at 6-20). First, he claims he received the wrong disciplinary form at the beginning of the disciplinary hearing action. (Doc. Nos. 1 at 7, 9 at 6-11). Mr. Guinther also claims he is actually innocent because he had "explicit permission from Warden Jared Byers to hang a sheet over [his] bar doors while using the bathroom to maintain [his] dignity." (Doc. No. 1 at 7). He goes on to state, "I also was not insolent to staff members at all. All I did was inquire as to why Lt. Dora Blunt wanted to see me in a state of undress." *Id.* Mr. Guinther next claims the disciplinary issued had a

3

chilling effect on his Fourth Amendment rights because it was administered while he was "attempting to exercise and maintain [his] rights to personal privacy and bodily integrity." (*Id*.; Doc. No. 9 at 14-18). Finally, Mr. Guinther claims he has a sincerely held religious belief that he must remain concealed while using the bathroom and taking a bath, thus the disciplinary violates RLUIPA. (Doc. Nos. 1 at 8; 9 at 19-21). Mr. Guinther requests this Court find the disciplinary proceeding is wrongful, and violates his Fourth and Fourteenth Amendment rights, violates RLUIPA, order the disciplinary expunged, and award attorney's fees and costs, or convert the habeas petition to a 42 U.S.C. § 1983 action. (Doc. No. 1 at 8). For the reasons that follow, Mr. Guinther's claims do not warrant relief; nor should they be construed as claims filed under § 1983.

> **A.   Claims Are Not Cognizable in Habeas nor Potentially Viable under § 1983**

A habeas corpus action is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ is "to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, habeas corpus is "the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Id*. at 490. When a prisoner does not challenge the validity of his conviction or the length of his detention, a writ of habeas corpus is not the proper remedy. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). In this case, Mr. Guinther seeks that the Court find his disciplinary to be in violation of his rights, expunge his record, and award him costs. (Doc. No. 1 at 8). But the sanctions imposed – being the commissary, phone, and visitation restrictions, punitive isolation time, and reduction in class – do not affect the length of his detention, rather they are conditions of confinement. Thus, his challenge to the sanctions is not cognizable in habeas.

Mr. Guinther cites *Young v. Armontrout*, and requests the Court convert his Petition to one brought under 42 U.S.C. § 1983 if "the Court [should] be convinced that habeas is not the

appropriate remedy." 795 F.2d 55, 55 (8th Cir. 1986); (Doc. No. 9 at 24). In *Young*, the Eighth Circuit reiterated judicial efficiency required a liberal reading of *pro se* defendants' petitions and, therefore; lower courts should construe any potentially viable § 1983 claims as if they were filed under a § 1983 Petition. *See Young*, 795 F.2d at 55; *see also Spencer v. Haynes*, 774 F.3d 467, 471 (2014) (remanding case to district court to recharacterize § 2241 petition as *Bivens* action); *Papantony v. Hedrick*, 215 F.3d 863, 865 (2000) (concluding "petition should be broadly interpreted as a request for any remedy available"). However, none of Mr. Guinther's claims are potentially viable because the disciplinary did not deprive him of a liberty interest.

In order to prevail on a Fourteenth Amendment due process claim, a claimant must first demonstrate he was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Guinther was not deprived of life or property as a result of the disciplinary; therefore, he must identify deprivation of a liberty interest to sustain a due process challenge. In the prison setting, states may, under certain circumstances, create liberty interests protected by the Due Process Clause. *Id*. at 847 (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). But these interests are generally limited to "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to freedom from state actions that "inevitably affect the duration" of a prisoner's sentence. *Sandin*, 515 U.S. at 484, 487.

Mr. Guinther claims that his due process rights were violated because his disciplinary was served with the wrong form in violation of the Uniform Numbering System to the Arkansas Administrative Procedures Act and Inmate Disciplinary Manual. (Doc. No. 9 at 6-8). However, a § 1983 claim cannot be based on alleged violations of state laws or state-agency regulations. *See Phillips*, 320 F.3d at 847; *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995). Looking at

5

Mr. Guinther's disciplinary punishment, the sanctions included class reduction, temporary isolation, and restricted commissary, phone, and visitation privileges – all typical consequences from infractions – thus they do not "present a dramatic departure from the basic conditions of [an inmate's] sentence," nor did they effect the duration of Mr. Guinther's term of confinement. *Id.* at 485, 487; *see e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (stating no due process protection in prisoner classification); *Ballinger v. Cedar County, Mo.*, 810 F.3d 557, 562 (8th Cir. 2016) (stating "'[w]e have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship'" quoting *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010)); *Sanders v. Norris*, 153 Fed.Appx. 403, 404 (8th Cir. 2005) (holding class reduction, loss of prison job, nor 30 days punitive isolation can form the basis for § 1983 relief); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 (8th Cir. 1996) (finding no violation when received thirty days punitive isolation and mail, phone, visitation, and commissary restriction); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) (noting no constitutional right to access prison commissary).

**B.     Procedural Default**

Even if Mr. Guinther's claims were cognizable under federal habeas law, as Respondent argues, his first, third, and fourth claims are procedurally defaulted. Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting

*Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).  In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849.

When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted.  *Id*.  Moreover, if it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'"  *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate:  (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Mr. Guinther admits he did not present his alleged Fourteenth Amendment, Fourth Amendment, or RLUIPA claims at any point during the prior proceedings.  (Doc. No. 1 at 7-8).  Therefore, federal habeas review is barred unless Mr. Guinther

7

can demonstrate an exception. *Armstrong*, 418 F.3d at 926.

The cause-and-prejudice exception requires a showing of "some objective factor external to the defense" that impeded development of the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Mr. Guinther does not identify any such impediment. He states he "did not have room in the body of the disciplinary appeal form to raise more than [one] specific ground." (Doc. No. 1 at 8). However, this reasoning does not hold up. First, the appeal form directs prisoners to "briefly state *reasons* why conviction or punishment should be reversed or modified," indicating the form assumes multiple arguments can be made in the space provided. (Doc. No. 9 at 27) (emphasis added). Further, Mr. Guinther used around 350 words to describe only one claim in his initial appeal form, which is very close to his 360-word description of four claims in his habeas petition. (*Id.*; Doc. No. 1 at 7-8). Mr. Guinther has shown he can state all four claims succinctly; moreover, the space allotted does not excuse his claims' default. *See e.g., Jewell v. United States*, No. 4:07-CR-00103-JLH, 2011 WL 2119038, at *2 (E.D. Ark. May 26, 2011) (finding page limit did not excuse procedural default).

The miscarriage-of-justice exception is likewise inapplicable. A petitioner who raises a gateway claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Mr. Guinther does not provide any new evidence, instead he relies on the same arguments put forth at his disciplinary hearing; therefore, he does not meet the very high threshold of an actual-innocence gateway claim. (Doc. Nos. 1 at 7-8, 9 at 6-21).

    **C.**    **Claims Are Meritless**

Assuming, *arguendo*, that Mr. Guinther was able to bypass procedural default and

demonstrate a liberty interest triggering due process protection for either §2254 or § 1983, all four of his claims are without merit.

### 1. Violation of Fourteenth Amendment During Disciplinary Proceeding

Mr. Guinther received all the process that was due to him. In the context of prison disciplinaries, due process requires (1) advance written notice of the charges, (2) an opportunity to call witnesses and present evidence in defense, and (3) a written statement by the factfinder as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Mr. Guinther was provided written notice of the charges on November 30, 2020, in advance of the hearing on December 3, 2020. (Doc. No. 10-2 at 3). Mr. Guinther made a statement to present in his defense. (*Id.*; Doc. 9 at 40). And the disciplinary hearing officer entered a written statement explaining that he reviewed both the F-1 statement from the charging officer and Mr. Guinther's statement but accepted the staff member's report. (Doc. No. 9 at 41). The officer found Mr. Guinther "created unnecessary noise, disrespected staff asking staff if she wanted to see his private parts, disobeyed staff orders to remove the sheet from his bar door." *Id.*

Due process also requires that a prison disciplinary be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Determining the sufficiency of the evidence does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Id*. Instead, the relevant question is whether there is "any evidence in the record that could support the conclusion reached" by the hearing officer. *Id*. at 455-56. "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker."

9

*Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Here, Lt. Blunt's report legally sufficed as "some evidence" to support Mr. Guinther's disciplinary.

### 2. Actual Innocence

Mr. Guinther has failed to state a viable actual innocence claim. As explained earlier, actual innocence as a gateway claim to pass the procedural bar fails. Moreover, it is well settled that a freestanding claim of actual innocence is not cognizable in habeas: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002) ("[W]e have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent."). Regardless, the standard for upholding a prison disciplinary conviction is support by "some evidence," which has been met here. *Superintendent, Mass. Corr. Inst*, 472 U.S. at 455.

### 3. Violation of Fourth Amendment During Disciplinary Proceeding

Mr. Guinther claims the disciplinary proceeding violated his Fourth Amendment rights to personal privacy and bodily integrity. "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987) (describing four-part test to determine reasonableness). There is no legitimate expectation of privacy within a prisoner's prison cell because "the recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Mr. Guinther covered his cell bar door with a sheet, preventing sight into his cell and in violation of prison regulation. He does not have a right

of privacy in his prison cell; thus, there is no violation.  *Id.* at 527.

### 4. Violation of Sincerely Held Religious Belief pursuant to RLUIPA

Mr. Guinther's last claim asserts preventing him from hanging a sheet across his cell bars violates RLUIPA because of his religious belief in modesty.  (Doc. No. 1 at 8).  RLUIPA states:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C § 2000cc-1(a).

Here that compelling governmental interest is safety.  The United States Supreme Court explained the importance of institutional security in its *Hudson* decision, stating:

> [P]rison administrators are to take all necessary steps to ensure the safety of not only the prison staffs and administrative personnel, but also visitors. . . Virtually the only place inmates can conceal weapons, drugs, and other contraband is in their cells. Unfettered access to these cells by prison officials, thus is imperative if drugs and contraband are to be ferreted out and sanitary surroundings are to be maintained. . . Institutional security is central to all other corrections goals.

*Hudson*, 468 U.S. at 526-27.

Inmates' concealing their behavior and the inside of their cells by covering their cell doors or windows is a legitimate security concern and there is no evidence that any less restrictive means of furthering institutional safety and security exists.  Thus, disallowing Mr. Guinther to hang a sheet over his bar door does not violate RLUIPA.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Guinther has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability will issue.

## V.     CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Guinther's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice.

2. A certificate of appealability will not be issued.

SO ORDERED this 16th day of March 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE